UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BOBBY LEE ALLOWAY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STEPHENIE WHITER,<br><br>　　　　　　Defendant. | Case No. 1:20-cv-00444-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff Bobby Lee Alloway, a prisoner in the custody of the Idaho Department of Correction and currently incarcerated at the Idaho State Correctional Center, is proceeding pro se and in forma pauperis in this civil rights action. Plaintiff asserts constitutional violations arising from his earlier confinement in the Ada County Jail. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 8.

　　　　Plaintiff has now filed an Amended Complaint. *See* Dkt. 13. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

　　　　Having reviewed the Amended Complaint, the Court concludes that the Amended Complaint fails to state a plausible civil rights claim. Accordingly, the Court will dismiss this case. *See* 28 U.S.C. §§ 1915 and 1915A.

**1.　　Screening Requirement**

　　　　As explained in the Initial Review Order, the Court must dismiss a prisoner or in

forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

**2.    Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

**3.    Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff alleges that his parole officer, Defendant Whiter, wrongfully arrested Plaintiff on an agent's warrant, which eventually led to the revocation of Plaintiff's parole.

The Amended Complaint clarifies that "the only relief" Plaintiff seeks "is to be placed back on parole." *Am. Compl.* at 2. Therefore, although the Amended Complaint includes allegations that the Ada County Jail did not adequately protect Plaintiff from the risk of COVID-19, the crux of Plaintiff's complaint is a challenge to the fact or legality of his parole revocation. As the Court previously explained, such claims are not cognizable— meaning that they cannot be heard— in a § 1983 action. Instead, they may be brought in federal court only in a petition for writ of habeas corpus. *See Initial Review Order* at 4 n.4.

For the foregoing reasons, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

## ORDER

**IT IS ORDERED**:

1. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 8), this entire case is DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

2. If Plaintiff intends to seek release from custody by challenging his parole revocation, he may file a petition for writ of habeas corpus. Form petitions are available in the prison resource center.

DATED: August 11, 2021

David C. Nye
Chief U.S. District Court Judge